1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL LIVE EVENTS – IN LIQUIDATION, a limited liability partnership registered in England and Wales,<br><br>          Plaintiff,<br><br>     vs.<br><br>JA-TAIL ENTERPRISES, LLC, a California limited liability company; VALENSI ROSE, PLC, a California corporation; JEFFRÉ PHILLIPS, a California resident; MICHAEL R. MORRIS, a California resident; and DOES 1 through 10, inclusive,<br><br>          Defendants.<br>_____ | CASE NO. CV13-08293 -SVW (ASx)<br>[Hon. Stephen V. Wilson]<br>[Magistrate Judge Hon. Alka Sagar]<br><br>**[PROPOSED] ORDER FOR ENTRY OF PROTECTIVE ORDER** |

1  Based on the Parties' Stipulation For Protective Order and for good cause
2  shown, this Court hereby approves and enters the Stipulation For Protective
3  Order.  The following are the terms of the Protective Order:
4  It is hereby ordered that the following procedures shall govern the
5  production by CREATIVE ARTIST AGENCY, LLC ('CAA") ("Producing
6  Party") of Confidential Information, as defined herein, in the above-captioned
7  action.  Plaintiff GLOBAL LIVE EVENTS LLP– IN LIQUIDATION, ("GLE"),
8  and Defendants VALENSI ROSE, PLC, MICHAEL R. MORRIS, JA-TAIL
9  ENTERPRISES, LLC and JEFFRÉ PHILLIPS (collectively the "Defendants")
10 shall be bound by the terms of this Protective Order.

**Definitions**

1. The following definitions shall apply to this Protective Order ("Order"):

   A. "Action" shall refer to the above-captioned case pending in the United States District Court for the Central District of California.

   B. The term "Discovery Material" encompasses, but it is not limited to any type of document, any transcripts of testimony, and any taped, recorded, filmed, electronic, written or typed matter, emails, texts or other forms of electronic communication, including the originals and all marked copies, whether different from the originals by reasons of any notation made on such copies or otherwise; any physical objects or other items or any other information obtained from a third party pursuant to a subpoena duces tecum including data or code stored in electronic form.

   C. "Confidential Information" shall mean Discovery Material which the Producing Party (i) takes reasonable precautions to maintain the confidentiality of, and (ii) in good faith believes constitutes or contains confidential information that relates to the trade secrets, private and/or financial information, personal privilege or other

personal information, other competitively sensitive or proprietary information, or information which is not generally known and which would not normally be revealed to third parties, or which if disclosed, would require such third parties to maintain in confidence of CAA and/or its clients.

D. "Confidential Legend" shall mean a stamp or similar insignia stating "Confidential."

E. "Designated Discovery Material" shall mean Discovery Material designated as "Confidential" pursuant to this Order as well as the contents of such Discovery Material.

**Designation of Material**

2. Producing Party may designate any Discovery Material as Confidential Information in accordance with paragraph 1E. herein ("Designated Discovery Material"), by marking it as "Confidential." The Confidential Legend shall be affixed in such a manner that the written material is not obliterated or obscured. In the case of data stored solely in electronic form, the "Confidential" legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored, or, where possible, included in the filename of the electronic document or the folder in which the document is produced. Any Discovery Material so designated shall thereafter be treated pursuant to the appropriate provisions of this Order.

3. In the case of depositions or other pretrial testimony in the Action, counsel for any party discussing or using any Confidential Information at the deposition must make a statement on the record prior to the disclosure of any Confidential Information that the Confidential Information is being discussed or disclosed pursuant to a Protective Order designating any Discovery Material as "Confidential"; provided, however, that when it is impractical to identify separately each portion of testimony that is entitled to protection, and when it

appears that substantial portions of the testimony may qualify for protection, counsel for the party discussing or using any Confidential Information may make a statement on the record that, within thirty (30) days after receiving a copy of the final transcript of the deposition or other pretrial testimony, the party discussing or using any Confidential Information will send written notice to all parties identifying the specific portions of the testimony for which protection is sought. Under either method of designation, counsel for the Party discussing or using any Confidential Information must direct the court reporter to affix the Confidentiality Legend to the first page and all pages of the transcript (both the original and all copies) containing any Confidential Information. The entirety of a transcript of deposition or other pretrial testimony shall be treated as Confidential Information until thirty (30) days have elapsed after counsel for the Producing Party received a copy of the final transcript thereof. Thereafter, only those portions of the transcripts properly designated as "Confidential" shall be deemed Confidential Information unless at the time of the deposition, the parties have stipulated otherwise.

4.   In the event that the Producing Party or any party using any Confidential Information fails to designate material as "Confidential," Producing Party or the party using the Confidential Information shall be entitled to make a correction. Such correction and notice thereof shall be made in writing as soon as practicable. Producing Party or the party using any Confidential Information, at its cost, shall also provide substitute copies of each item of Discovery Material, appropriately designated, to all parties who previously received the misdesignated material. Those individuals who received the Discovery Material prior to notice of the misdesignation by the Producing Party or the party using any Confidential Information shall within ten (10) business days of receipt of the substitute copies, destroy or return to the Producing Party all copies of such misdesignated documents. Those individuals who reviewed the misdesignated Discovery

1  Material prior to notice of the misdesignation by the Producing Party or the party
2  using the Confidential Information shall abide by the provisions of this Order
3  with respect to the use and disclosure of any information contained in the
4  misdesignated Discovery Material after receipt of the notice of misdesignation.
5  5.     In the event Producing Party produces two or more identical copies of a
6  document and any such copy is designated with a lesser degree of confidentiality
7  than any other copy, all such identical documents shall be treated in accordance
8  with the most restrictive designation on any copy once the inconsistent
9  designation is known. Producing Party shall be responsible for informing the
10 party receiving the inconsistently designated information of the inconsistent
11 designation; provided, however, if any person subject to this Order receives such
12 inconsistently designated information, and has actual knowledge of the
13 inconsistent designation the person shall treat all copies in accordance with the
14 most restrictive designation.
15 **Disclosure and Use of Confidential Information**
16 6.     Designated Discovery Material shall be treated in accordance with the
17 terms of this Order and is not to be communicated in any manner, directly or
18 indirectly, to anyone other than the persons qualified to receive such material
19 under the terms and conditions set forth below.
20 7.     Any Designated Discovery Material and all information derived from
21 Designated Discovery Material, including but not limited to extracts, summaries,
22 and descriptions of such material, shall be treated as "Confidential" in accordance
23 with the provisions of this Order and shall not be used for any other purpose
24 outside of this litigation, or be revealed to parties or counsel in any action other
25 than the Action, unless the Court otherwise directs or the Producing Party
26 otherwise agrees.
27 8.     Discovery Material designated as "Confidential" shall not be disclosed
28 directly or indirectly by the person receiving such material to persons other than

the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of the Actions:

    A.    The Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Actions or any appeal therefrom;

    B.    Counsel for the parties in the Actions, whether or not counsel of record, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of the Actions;

    C.    Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of the Actions, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of the Actions, provided that the requirements of Paragraph 14 below have been met;

    D.    Any party currently named or later joined in the Actions, including, in the case of parties other than individuals, their officers, directors, employees, and agents, solely for the purpose of the prosecution, defense, and/or appeal of the Actions;

    E.    Any person who is anticipated to testify as a witness either at a deposition or a court proceeding in the Actions, as well as counsel for the witness, for the purpose of assisting in the preparation or examination of the witness; provided, however, that the requirements of Paragraph 9 below have been met;

    F.    Any person who is identified as an author or recipient of such Designated Discovery Material (whether by the Designated

1  Discovery Material itself or any other Discovery Material, including
2  by testimony);
3  G. Any Court-appointed mediator or other individual acting pursuant to
4  Court appointment; and
5  H. Other persons upon further order of the Court or written consent of
6  the Producing Party.

9. The undersigned attorneys, as well as their clients, colleagues and any other personnel of their law firm or litigation support services assisting them in this Action, agree to be bound by the terms of this Agreement. Other than disclosure of Confidential Information at a deposition, hearing, or trial, persons described in subparagraphs 8(c), (e) and (g) above, prior to being given access to any Designated Discovery Material, must be provided a copy of this Order and sign the Acknowledgement attached as Exhibit A to the Stipulation agreeing to be bound by the terms of the Order and agreeing to subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Order. In the case of a witness who refuses to agree to the terms of the Order or sign Exhibit A, it will be sufficient to inform the witness that a document has been designated "confidential" and to direct said witness to maintain the confidentiality of the document. The party providing the individual with Designated Discovery Material shall retain copies of all executed Acknowledgements. Said Acknowledgements will only be provided to Producing Party as may be ordered by the Court. As parties to the Actions agree to be bound by the terms of this Order, they are not required to sign an Acknowledgement in order to receive Confidential Information. Persons who receive Confidential Information at a deposition, hearing, or trial who are not otherwise authorized to receive such information pursuant to paragraph 8 above and who have not signed an Acknowledgement, may be shown and questioned about the Designated

Discovery Materials during the deposition, hearing, or trial but will not be entitled to take possession of the Designated Discovery Materials that were disclosed.

10. If a party desires to file Designated Discovery Material in Court, whether separately or with or as part of pleadings or other court papers, the party shall file the Designated Discovery Materials conditionally under seal if the Producing Party's consent, to the public filing of the materials has not been obtained. Any documents filed under seal must be accompanied by an application for under seal filing and a proposed order in accordance with the Local Rules. The Designated Discovery Material shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the caption of this lawsuit; the title of the court paper or a brief description of the enclosed material; and the legend "Confidential." If any party seeks to prevent the documents from remaining sealed, that party may file a motion within five (5) business days for such materials to be removed from its sealed status. The party challenging the sealed status of documents bears the burden of demonstrating why the "Confidential" designation was not warranted. The provisions of this Order do not modify the obligations to protect personal identifiers pursuant to the Federal Rules of Civil Procedure or any other applicable rule in any documents filed with the Court electronically regardless of whether any such information has been undesignated or designated "Confidential" pursuant to this Order.

11. If or when Designated Discovery Material is ever used during any deposition, hearing or other proceeding other than at trial, counsel for the parties shall take appropriate steps to preserve the confidential substance of the Designated Discovery Material unless otherwise required by Court order.

12. If a subpoena issued in any other action calls or arguably calls for the production by the recipient of the subpoena ("Recipient") of Designated Discovery Material produced to Recipient by any other person in this Action, then the Recipient shall:

1  A.   be obligated, within three (3) business days of the Recipient's receipt
2       of the subpoena, to provide notice of the subpoena, as well as a copy
3       of same, to the party who or which produced the Designated
4       Discovery Material to the Recipient; and
5  B.   be permitted to respond in a timely manner to such subpoena without
6       violation of this Order if the foregoing notice is timely given and,
7       within the period provided for response to such subpoena, the
8       Producing Party has neither moved to intervene to seek a court order
9       preventing disclosure of the Designated Discovery Material, nor
10      made other arrangements with the person or entity issuing the
11      subpoena. If the Producing Party has moved to intervene to seek a
12      court order preventing disclosure of the Designated Discovery
13      Material, the Recipient will not disclose the Designated Discovery
14      Material until such motion is adjudicated, unless required by law to
15      do so.

16. 13. Except as agreed in writing by all parties to this Order or by order of the
17. Court, persons having knowledge of any other of Producing Party's Designated
18. Discovery Material by virtue of their participation in the conduct of this Action
19. shall use that Designated Discovery Material only in connection with the
20. prosecution, defense or appeal of the Actions, and shall neither use such
21. Designated Discovery Material for any other purpose nor disclose such
22. Designated Discovery Material to any person who is not permitted access to such
23. Designated Discovery Material by this Order.
24. 14. The restrictions against disclosure set forth in this Order shall not apply to
25. any Producing Party's use of its own Designated Discovery Material.
26. 15. If Designated Discovery Material is disclosed to any person other than in
27. the manner authorized by this Order, the requesting party or any other party
28. responsible for this disclosure shall immediately:

|   |   |   |
|---|---|---|
| 1 | A. | provide written notice to the Producing Party; |
| 2 | B. | make every effort to retrieve such material; and |
| 3 | C. | use its best efforts to prevent further disclosure by the person who |
| 4 |   | was the recipient of such Designated Discovery Material. |
| 5 | D. | The written notice required by subparagraph (A) above shall include |
| 6 |   | the names of all persons who improperly received Designated |
| 7 |   | Discovery Material and a description of the Designated Discovery |
| 8 |   | Material disclosed to such persons. |

**Objection to Confidential Information**

16. At any time, a party may challenge a designation of material as "Confidential." In the event of such a challenge, the parties shall first try to resolve such dispute in good faith on an informal basis in an effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange this conference. If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else. If both counsel are not located within the same county, the conference may take place telephonically. Counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such a conference. The moving party's letter shall identify each issue in dispute, shall state briefly with respect to each issue moving party's position, and specify the terms of the discovery order to be sought. If the parties are unable to resolve their disagreement, they shall formulate a written stipulation to be filed and served with any noticed motion. The joint stipulation shall be submitted in compliance with Local Rules 37-2.1 and 37-2.2. After the joint stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date. Unless otherwise ordered by the

Court, a supplemental memorandum shall not exceed five (5) pages in length. No other separate memorandum of points and authorities shall be filed by either party in connection with the motion. Any document(s) in dispute filed with the Court will be filed under seal and must be accompanied by an application for under seal filing and a proposed order in accordance with the Local Rules. The party producing the Designated Discovery Material shall have the burden of establishing the need for such status. Pending such determination by the Court, material designated by the Producing Party as "Confidential" shall be treated in accordance with the Producing Party's designation pursuant to this Order.

**Inadvertent Production of Privileged Material**

17.     Rule 502(b) of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, as applied by the Court, will govern any inadvertent production of materials (whether or not designated as "Confidential") claimed to be privileged by the Producing Party. To the extent that another party disputes the Producing Party's claim of privilege, the receiving party shall notify the Producing Party of its position within fourteen (14) business days of receiving the Producing Party's notice (the "Dispute Notification"). The parties shall try to resolve such dispute in good faith on an informal basis in an effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the disputing party to arrange this conference.  If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the disputing party's counsel, unless the parties agree to meet someplace else. If both counsel are not located within the same county, the conference may take place telephonically. Counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such a conference. The moving party's letter shall identify each issue in dispute, shall state briefly with respect to each issue moving party's position,

and specify the terms of the discovery order to be sought. If the parties are unable to resolve their disagreement, they shall formulate a written stipulation to be filed and served with any noticed motion. The joint stipulation shall be submitted in compliance with Local Rules 37-2.1 and 37-2.2. After the joint stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date. Unless otherwise ordered by the Court, a supplemental memorandum shall not exceed five (5) pages in length. No other separate memorandum of points and authorities shall be filed by either party in connection with the motion. Any document(s) in dispute filed with the Court will be filed under seal and must be accompanied by an application for under seal filing and a proposed order in accordance with the Local Rules.

**Relief from Terms of Order**

18.  This Stipulation for this Order is being entered without prejudice to the right of any party or other person to move the Court for relief separately, or to move the Court for modification of any of its terms on a going forward basis.

19.  Nothing in this Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege.

**Return of Confidential Information**

20.  Upon final termination of this Action (whether by judgment, settlement, or otherwise), including all appeals and applications for discretionary review, the undersigned law firms or their successor counsel, at their election, shall, within one hundred and twenty (120) days following written request of the Producing Party, either (i) return, subject to applicable law, all Designated Discovery Material and all copies, extracts, and summaries of such Designated Discovery Material to the Producing Party, or (ii) destroy, subject to applicable law, such Designated Discovery Material, including all copies, extracts, and summaries, and

provide a letter certifying such destruction to the Producing Party. The parties shall request that all attachments or exhibits to pleadings designated under this Order and filed under seal with the Court shall be returned within one hundred and twenty (120) days to the party producing it, or the Court may destroy such material. For archival purposes, the attorneys in the law firms representing the parties may retain all material constituting attorney work product and one copy of all pleadings, deposition and hearing transcripts, exhibits, and written discovery responses, including portions designated pursuant to this Order.

**Termination of Action**

21. The terms and obligations of this Order shall survive the termination of the Action, and the Court shall retain jurisdiction of the Actions after their final disposition for the purpose of enforcing this Order.

IT IS SO ORDERED.

DATED: May 23, 2014      / s /
HON. ALKA SAGAR
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER FOR ENTRY OF PROTECTIVE ORDER

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 23823 Malibu Road, Suite 50-378, Malibu, California 90265.

On May 23, 2014, I served the foregoing document described as:

**[PROPOSED] ORDER FOR ENTRY OF PROTECTIVE ORDER**

on the interested parties in this action by placing [ X ] a true copy thereof, or [ ] the original, enclosed in sealed, prepaid envelope(s) as addressed below:

SEE ATTACHED SERVICE LIST

[X]   BY REGULAR MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Malibu, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit. (C.C.P. §1013(a)).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 23, 2014, at Malibu, California.

_____
Shahla Mohajeri

## SERVICE LIST

| | |
|---|---|
| Jonathan B. Cole, Esq.<br>jcole@nemecek-cole.com<br>David B. Owen, Esq.<br>dowen@nemecek-cole.com<br>Nemecek & Cole<br>15260 Ventura Blvd., Suite 920<br>Sherman Oaks, CA 91403<br>Tel: (818) 788-9500 | New *Attorneys for Defendants Valensi Rose, PLC and Michael R. Morris* |
| Cheryl L. Hodgson, Esq.<br>Cheryl@hodgsonlegal.com<br>Hodgson Legal<br>100 Wilshire Blvd., Suite 940<br>Santa Monica, CA 90401<br>Tel: (310) 623-3515 | *Attorneys for Defendants Ja-Tail Enterprises, LLC and Jeffré Phillips* |

[PROPOSED] ORDER FOR ENTRY OF PROTECTIVE ORDER